Carlo Sabatini, ID # 83831
Kristin Sabatini, ID # 200135
Attorneys for Debtors
The Sabatini Law Firm
Suite 800, 142 N. Washington Ave.
Scranton, PA 18503
(570) 341-9000

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re  Mary Alice Hannon,<br>        Debtor | Chapter 13 |
| Mary Alice Hannon,<br>        Movant<br>v.<br><br>Countrywide Home Loans, Inc.,<br>        Respondent | Case No. 06-51870 |

## DEBTOR'S MOTION FOR RULE 9011 SANCTIONS

The Debtor, by and through her counsel, Carlo Sabatini, hereby moves as follows:

1.   On October 24, 2006 Movant filed a voluntary Chapter 13 petition, primarily to stop a foreclosure on her principal residence and to cure an arrearage on a mortgage held by Respondent. The Chapter 13 plan filed by Movant ("Plan") estimated the arrearage at $5,871.11.

2.   On November 6, 2006, Respondent, through its agent McCalla Raymer Padrick Cobb Nichols and Clark, LLC, filed a proof of claim and alleged that Movant's mortgage arrearage was $9,294.53. On December 1, 2006, Respondent filed an Objection to Confirmation of Chapter 13 Plan alleging, *inter alia*, that the proposed payments under Plan did not cure the mortgage arrearage.

3.   The arrearage stated in the proof of claim is incorrect.

4.   Despite a request from Movant's counsel (see attached Exhibit A), Respondent has been unable to support the allegations contained in its Proof of Claim.

5.   The inability of the Respondent to support the allegations contained in its Proof of Claim is evidence that the Defendant's inclusion of those amounts in the Proof of Claim was a

willful violation of Rule 9011 of the Federal Rules of Bankruptcy Procedure and Rule 11 of the Federal Rules of Civil Procedure.

6. The inclusion of these unfounded allegations has resulted in needlessly increasing the cost of this litigation.

7. On December 12, 2006, Respondent was served with a copy of the instant motion with a cover letter indicating that the instant motion would be filed no sooner than 22 days from the date of service. A true and correct copy of the letter is attached hereto as Exhibit A.

8. The filing of the instant motion shall constitute a certification by the undersigned that the proof of claim has not been amended, or, that if it has been amended that the amended claim contains facts that are incorrect or unsupported.

WHEREFORE, Debtor respectfully requests of this Honorable Court as follows:

A. That the Court, pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure sanction the Respondent for causing to be presented to the Court a proof of claim that contains allegations unsupported by facts and that such sanctions include:

    a. a finding that Movant's pre-petition arrears on the mortgage held by Respondent are $5,871.11, being the amount of Movant's good faith estimate of the arrears in her proposed Chapter 13 plan;

    b. payment of Movant's legal fees and expenses incurred in attempting to verify the information in the proof of claim and in bringing this matter for hearing before the court; and

    c. such other and further relief as is just and proper.

Date: December 12, 2006                          /s/ Carlo Sabatini
                                                                      Carlo Sabatini, Attorney for Debtor

Carlo Sabatini, Esquire
Attorney for Debtors
ID #: 83831
The Sabatini Law Firm
Suite 800, 142 N. Washington Ave.
Scranton, PA 18503
(570) 341-9000

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Mary Alice Hannon,<br>   Debtor(s) | Chapter 13 |
| Mary Alice Hannon,<br>   Movant | Case No. 06-51870 |
| v. | |
| Countrywide Home Loans, Inc.,<br>   Respondent | |

## CERTIFICATE OF SERVICE

I, Kim Bryden, of The Sabatini Law Firm certify that I am, and at all times hereinafter mentioned was, more than 18 years of age, and that on December 12, 2006, I served a copy of the within Motion for Rule 9011 Sanctions upon the following parties at their respective addresses by depositing the motion in the United States Mail, First Class, Postage Prepaid addressed to:

| | | |
|---|---|---|
| Law Offices of McCalla,<br>Raymer, Padrick, Cobb,<br>Nichols & Clark, LLC<br>1544 Old Alabama Rd.<br>Roswell, GA  30076 | Countrywide Home Loans, Inc.<br>Bankruptcy Department<br>7105 Corporate Dr.<br>Mail Stop PTX-C-35<br>Plano, TX  75024 | Joseph P. Schalk, Esquire<br>Phelan Hallinan & Schmeig, LLP<br>One Penn Ctr. at Suburban Station<br>1617 John F. Kennedy Blvd., Ste. 1400<br>Philadelphia, PA 19103-1814 |

  I certify under penalty of perjury that the foregoing is true and correct.

Executed on December 12, 2006           /s/ Kim Bryden
                                    Kim Bryden

SABATINI LAW FIRM
CARLO SABATINI
KRISTIN SABATINI                                                        Phone: (570) 341-9000
Suite 800, 142 N. Washington Ave.                                        Fax: (570) 504-2769
Scranton, PA 18503-2218                          Satellite Office: Wilkes-Barre 823-9000

December 12, 2006

| Law Offices of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC<br>1544 Old Alabama Rd.<br>Roswell, GA 30076 | Countrywide Home Loans, Inc.<br>Bankruptcy Department<br>7105 Corporate Dr.<br>Mail Stop PTX-C-35<br>Plano, TX 75024 | Joseph P. Schalk, Esquire<br>Phelan Hallinan & Schmeig, LLP<br>One Penn Ctr. at Suburban Station<br>1617 John F. Kennedy Blvd., Ste. 1400<br>Philadelphia, PA 19103-1814 |

> RE: In re Mary Alice Hannon
> Case Number: 06-51870

Ladies and Gentlemen,

    Enclosed please find a Motion for Rule 9011 Sanctions which will be filed no earlier than 22 days from today if the claim has not been amended to contain a fully accurate statement, as of the date of the bankruptcy filing, of the total amount owed and of the arrears.

    The proof of claim referred to in the enclosed motion contains an itemization of the arrears. This itemization has ten components. One of those components is the unpaid regular monthly installments. For each of the other nine components, please provide the following information:

1. State the date(s) that the expense was incurred;

2. State the identity of every third party payee;

3. Produce a copy of every invoice issued by every third party payee relative to the expense;

4. If no invoice was issued by the third party payee relative to the expense, then produce a copy of a canceled check demonstrating the payment;

5. State the amount reimbursed by every third party payee of every amount previously tendered;

6. Produce copies of every document reflecting any full or partial reimbursement by the third party payee of any amount previously tendered relative to the expense;

7. Quote to the exact language in the mortgage documents, including page and paragraph number, which authorizes the application of the expense to the debtor's account;

Exhibit A

8. State whether there is any affiliation or common ownership between Countrywide Home Loans, Inc. and the entity that provided the title services; and

9. State whether there is any affiliation or common ownership between McCalla Raymer Padrick Cobb Nichols and Clark, LLC and the entity that provided the title services.

Please also provide a full accounting on the loan, including all payments received from any party, from the date of loan inception to the present. If you have any questions, please do not hesitate to contact me.

Sincerely yours,

*Carlo Sabatini*

Carlo Sabatini

Enclosure: Motion for Rule 9011 Sanctions