IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>MARY ALICE MARGARET HANNON<br>A/K/A MARY HANNON<br>A/K/A MARY ALICE HANNON<br>　　　　Debtor<br><br>MARY ALICE MARGARET HANNON<br>　　　　Movant<br>　　vs.<br><br>COUNTRYWIDE HOME LOANS, INC.<br>　　　　Respondent | CHAPTER 13<br><br>CASE NO. 5:06-bk-51870-JJT |

Information Required by 11 U.S.C. § 342(c)
MARY ALICE MARGARET HANNON
14 Rutz St.
Ashley, PA 18706
Social Security Number: xxx-xx-7909

## **DEBTOR'S MOTION FOR SANCTIONS UNDER 11 U.S.C. § 105 AND THE COURT'S INHERENT POWER**

1. Respondent is a holder and/or servicer of mortgage loans. Debtor/Movant seeks sanctions against Respondent for allowing inflated proofs of claim to be filed with the Court, and for failing to appropriately amend those claims.

2. Movant has also filed Debtor's Motion for Rule 9011 Sanctions ("the 9011 Motion") against Respondent. A hearing on the 9011 Motion is scheduled for March 9, 2009. The instant motion and the 9011 Motion are related and Movant respectfully suggests that the motions be heard at the same time.

3. On October 24, 2006, Debtor filed a chapter 13 petition and chapter 13 plan. The plan estimated that Debtor owed $5,871.11 in arrears on the debt being serviced by Respondent and the plan provided sufficient funding to cure those estimated arrears.

4. On November 6, 2006, Respondent's agent filed a proof of claim. The claim alleged that Respondent was entitled to collect mortgage arrears of $9,294.53 from Movant. Included in the itemized statement of arrears were two entries of $2,500.00 for "Sheriff Deposit".

5. On December 1, 2006, Respondent objected to confirmation of Debtor's Chapter 13 plan alleging that the plan failed to cure the delinquency indicated in Respondent's proof of claim. However, if the proof of claim had correctly accounted for refunds to be received from the sheriff, it would have indicated that the total arrears owed were only $4,653.53, an amount **less** than that provided for by Debtor's plan. Thus, the filing of the inflated proof of claim was used to justify a baseless objection to confirmation of Debtor's plan.

6. On December 12, 2006 Movant's counsel served the 9011 Motion on Respondent.

7. On December 29, 2006, Respondent amended its proof of claim to remove one of the two $2,500.00 sheriff's deposits.

8. On January 25, 2007, the Luzerne County Sheriff refunded to Respondent's agent $2,158.00. This refund was in connection with the $2,500.00 deposit that remained on the December 29, 2006 proof of claim.

9. Respondent did not cause the claim to again be amended to reflect this refund until June 5, 2008 - over sixteen months later, and only after the 9011 Motion was filed. Respondent would never have amended the claim on its own initiative.

10. Respondent's conduct is not limited to this case. It engages in a pattern and practice of filing proofs of claim alleging that Respondent is entitled to collect from the

2

bankrupt debtor an amount paid for a sheriff's deposit. Respondent knows that the claims are artificially inflated by sheriff's deposits which will be partially refunded. However, Respondent does not maintain any procedure reasonably adapted to ensure that the claim will be amended to credit any refund received from the sheriff.

11. By way of example, in the month of December of 2006 exactly thirteen proofs of claim were filed in the Bankruptcy Court for the Middle District of Pennsylvania by Respondent's agents on behalf of Respondent. Each of the claims was secured by a mortgage on real estate.

12. In exactly seven of those claims Respondent alleged that it was owed arrears due to expenses paid to a sheriff's office. These expenses were for deposits allegedly paid to the sheriff's department to conduct a sale of the debtor's real estate.

13. Of those seven claims, the only one that Respondent amended to reflect a refund of a sheriff's deposit was the claim in the instant bankruptcy case. That claim was amended only after the filing of the 9011 Motion.

14. Each of the other six claims was overstated due to the claims for sheriff's deposits, but not one was ever amended. In five of those cases, the sheriff refunded to Respondent's agent the unused portion of the sheriff's deposit. For the claim filed in the sixth case, *In re Milford*, 5:06-bk-52096-JJT, no refund was issued. However, that claim falsely alleged that $750.00 was paid to the sheriff for a deposit when that amount had never actually been paid. The claim also falsely alleged that amounts were paid for a judgment and writ of execution when no such expenses were ever incurred.

15. More detailed information about each of the aforementioned proofs of claim, arrears, and refunds is as follows:

| Bankruptcy Case Name and Number | Net arrears claimed in connection with Sheriff's Expense. | Date Claim Filed and Claim Number | Date Sheriff issued Refund and Amount of Refund | Claims Bar Date |
|---|---|---|---|---|
| In re Bruce H Bayer 5:06-bk-51631-JJT | $2,483.18 | 12/28/2006 Claim 2 | 12/19/2006 $315.90 | 02/04/2007 |
| In re Scott C. Carver 1:06-bk-02793-RNO | $1,432.40 | 12/12/2006 Claim 1 | 12/13/2006 $489.02 | Case was dismissed 01/25/2007 (Before bar date was set) |
| In re Dorothea Ann Milford 5:06-bk-52096-JJT | $750.00 | 12/14/2006 Claim 3 | None issued. | 04/08/2007 |
| In re Sally J. Miller 1:06-bk-02772-MDF | $1,500.00 | 12/18/2006 Claim 1 | 03/02/2007 $876.11 | 04/25/2007 |
| In re Mary Alice Margaret Hannon 5:06-bk-51870-JJT | $2,500.00 | 12/29/2006 Claim 8 | 1/25/2007 $2,158.00 | 03/04/2007 |
| In re Wayne R. Phillips and Judith E. Phillips 1:06-bk-02585-MDF | $4,477.68 | 12/14/2006 Claim 3 | 02/20/2007 $562.82 | 03/28/2007 |
| In re Carol Pollock 1:06-bk-02527-MDF | $2,500.00 | 12/9/2006 Claim 3 | 11/20/2006 $1,628.44 | 03/21/2007 |

16. Respondent should wait to file its claims until after it has received the refund from the sheriff. In every one of the above cases, the sheriff returned the refund at least thirty days before the claims bar date. Respondent could have ensured the accuracy of the claim merely by waiting for the refund before filing the proof of claim.

17. It is improper for Respondent to file proofs of claim without providing a credit for an anticipated refund of the deposit.

18. Alternatively, if this court finds that Respondent may file a claim which does not account for a refund that has not yet been received, then Respondent must maintain a

procedure to ensure that the claim is appropriately amended once the refund is received. Additionally, Respondent should not file objections to confirmation that are based solely on such an inflated claim.

19. Respondent has a duty to amend its claim to ensure its accuracy. *In re Hence*, 2007 Bankr. LEXIS 4156, *20 (Bankr. S.D. Tex. 2007).

20. Respondent has defended the 9011 Motion in the instant bankruptcy case by arguing, *inter alia*, that the claim filed on December 29, 2006 was accurate when it was filed because the deposit had not yet been refunded. Movant asserts that the claim was inaccurate when it was filed because it sought amounts that Respondent knew would be refunded.

21. If the Court agrees with Respondent, then Bankruptcy Rule 9011 cannot be used to sanction Respondent for failing to amend the claim. In that event, the court should issue an order addressing Respondent's conduct under 11 U.S.C. § 105 and under the Court's inherent power.

22. "[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (U.S. 1991).

WHEREFORE, Movant respectfully requests that this Honorable Court issue an order under 11 U.S.C. § 105 and under its inherent power that requires Respondent

    A. within thirty days to amend every proof of claim which has been filed on its behalf in any Chapter 13 case that is still pending in the bankruptcy court for this

5

Case 5:06-bk-51870-JJT    Doc 58    Filed 12/03/08    Entered 12/03/08 15:35:53    Desc
Main Document    Page 5 of 6

district, except for those claims which accurately reflect all refunds that have been received;

B. within thirty days to return to the Chapter 13 trustee for every case that is still pending in the bankruptcy court for this district, all overpayments that it received due to failure to account for refunds from the sheriff;

C. to refrain from filing proofs of claim in the bankruptcy court for this district unless the amount of any sheriff's refund that has been, or which will be, received has been ascertained and accounted for in the claim;

D. to pay a reasonable attorney's fee in an amount to be determined; and

E. to issue such additional sanction as is just and appropriate.

Respectfully Submitted,

s/ Carlo Sabatini
Carlo Sabatini, Attorney for Debtor
Sabatini Law Firm
Ste. 800, 142 N. Washington Ave.
Scranton, PA 18503-2218
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com
Bar Number PA 83831