IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>MARY ALICE MARGARET HANNON<br>A/K/A MARY HANNON<br>A/K/A MARY ALICE HANNON<br>    Debtor<br><br>MARY ALICE MARGARET HANNON<br>    Movant<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.<br>    Respondent | CHAPTER 13<br><br>CASE NO. 5:06-bk-51870-JJT<br><br>Re: Doc. 41, 58 (Motion for Sanctions under Bankruptcy Rule 9011, 11 U.S.C. § 105 and the Court's inherent power) |

## Factual Stipulation

1.  Debtor is an individual who resides in single-unit residential real estate located at 14 Rutz Street, Ashley, Luzerne County, Pennsylvania ("Debtor's Residence").

2.  Countrywide Home Loans, Inc. ("the Servicer") services a loan ("the Loan") that Debtor is obligated to repay.

3.  The Loan is evidenced and secured by a mortgage document which has been recorded with the Luzerne County Recorder of Deeds and is a lien on Debtor's Residence.

4.  The Loan was issued on December 23, 2003 in an original bona fide principal amount of $49,000.00.

5. The Servicer instituted a foreclosure proceeding against Debtor's Residence, obtained a judgment of foreclosure and scheduled a sheriff's sale for the subject realty.

6. Debtor thereafter filed a Chapter 13 petition (Doc. 1) and Chapter 13 plan (Doc. 3) on October 24, 2006. The plan estimated that Debtor owed $5,871.11 in arrears on the Loan and provided sufficient funding to cure those estimated arrears.

7. On November 6, 2006 Law Offices of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC ("McCalla") filed a Proof of Claim (Claim 1-1) on behalf of the Servicer. The claim alleged that Debtor owed arrears on the Loan of $9,294.53 including, *inter alia,* two sheriff's deposits totaling $5,000.00.

8. The sheriff's deposit was advanced by the Servicer's foreclosure counsel on behalf of the Servicer. The Servicer is billed by its counsel for the advance and is responsible for payment of same.

9. On December 1, 2006 Respondent filed an Objection to Confirmation of Debtor's Chapter 13 plan (Doc. 15) alleging that the plan failed to cure the delinquency indicated in the proof of claim.

10. On December 12, 2006 Debtor served a Motion for Sanctions under Bankruptcy Rule 9011 (Doc. 41) on the Servicer. A certificate of service is attached to the motion, along with a true and correct copy of the "safe harbor" letter that accompanied the motion when it was served.

11. On December 29, 2006 McCalla filed an Amended Proof of Claim (Claim 8-1) on behalf of the Servicer. The claim alleged that the borrower owed arrears totaling

$6,794.53, including *inter alia*, the sheriff's deposit of $2,500.00 which had been advanced by the Servicer's foreclosure counsel.

12. By correspondence dated January 7, 2007 Countrywide's counsel responded to the correspondence dated December 12, 2006. Debtor's counsel was provided with some documentation supporting part of Countrywide's Proof of Claim, documentations requested and some other information sought by Debtor. A true and correct copy of the correspondence dated January 7, 2007 is attached hereto as Exhibit A.

13. Debtor and Countrywide entered into a [Stipulation in Settlement of Countrywide's Objection to Confirmation of the Debtor's Chapter 13 Plan (Doc. 20)](#) which was filed on January 8, 2007 and approved by [Order (Doc. 23)](#) dated January 10, 2007. The stipulation provided, *inter alia*, that "[t]he allowed secured claim of [the Servicer] for pre-petition arrearages will be paid, in full, through the Chapter 13 Plan."

14. Debtor did not file an objection to the amended proof of claim.

15. Debtor's Plan was confirmed on January 12, 2007.

16. One of the terms contained in Debtor's Plan provided that the Debtor reserved her right to object to the Servicer's proof of claim post-confirmation.

17. Debtor's Plan provided for full payment of the Servicer's Amended Proof of Claim and for the maintenance of post-petition mortgage obligations.

18. On January 25, 2007 the Luzerne County Sheriff refunded to the Servicer's agent $2,158.00. This refund was in connection with the $2,500.00 deposit that remained on the December 29, 2006 proof of claim.

19. Shortly thereafter the Servicer's foreclosure counsel received the refund from the Sheriff.

20. On February 6, 2007 the Servicer received the refund from its foreclosure counsel.

21. On February 20, 2007 the Servicer applied the refund to the Loan as follows:

    a. $1,238.84 was applied to four mortgage payments,

    b. $733.04 was applied towards escrow,

    c. $186.12 was applied as a partial payment.

22. On March 4, 2007 the deadline that was established for creditors such as the Servicer to file a proof of claim in Debtor's bankruptcy case expired.

23. Since Debtor's correspondence of December 12, 2006, and through the filing of the 9011 motion, Debtor did not send correspondence to the Servicer or its counsel questioning the amounts in the proof of claim or requesting an amendment.

24. On May 1, 2008 Debtor filed the [Motion (Doc. 41)](Motion (Doc. 41)) she had served on December 12, 2006.

25. On June 5, 2008 the Servicer filed [Amended Proof of Claim 8-2](Amended Proof of Claim 8-2), to reflect the refund.

26. The only amendments the Servicer has ever caused to be made to the proof of claim filed on November 6, 2006 were the aforementioned amendments that were filed on December 29, 2006 and June 5, 2008.

27. In Chapter 13 cases where a refund of a pre-petition sheriff's deposit is not received until after the corresponding proof of claim has been filed, the Servicer does not maintain procedures reasonably adapted to ensure that an amended proof of claim is thereafter filed to reflect the refund.

28. All Exhibits to this stipulation, as well as any docket entries or claims that are referred to in this stipulation, are admitted into evidence.

29. The Chapter 13 Trustee claim ledger reflects that as of March 9, 2009, the amount to be paid to the Servicer through the Plan is $4,294.53 and the amount paid to date is $2,698.36. This ledger information is accurate.

30. The amount paid to creditors as of March 9, 2009 is $6,772.71.

31. The balance to complete the Plan as of March 9, 2009 is $5,400.00.


/s/ Carlo Sabatini
Attorney for Movant
Carlo Sabatini: Bar Number PA83831
142 N. Washington Ave., Ste 800
Scranton, PA  18503-2218
Phone (570) 341-9000
Facsimile (570) 504-2769
Email: ecf@bankruptcypa.com

/s/ Oren Klein
Attorney for Respondent
Oren Klein: Bar Number
P.O. Box 974
Marlton, NJ  08053
Phone (856) 596-8900
Facsimile (856) 596-9631
Email oklein@parkermccay.com