IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>MARY ALICE MARGARET HANNON<br>A/K/A MARY HANNON<br>A/K/A MARY ALICE HANNON<br>　　　　Debtor<br><br><br>MARY ALICE MARGARET HANNON<br>　　　　Movant<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.<br>　　　　Respondent | CHAPTER 13<br><br>CASE NO. 5:06-bk-51870-JJT<br><br>Re: Doc. 58 Motion to impose<br>sanctions under 11 U.S.C. § 105 and<br>the Court's inherent power |

**Debtor's Brief in Support of Motion to Impose Sanctions Under
11 U.S.C. § 105 and the Court's Inherent Power**

*Question Presented*

The respondent filed a secured claim and alleged that it was entitled to be paid for a sheriff's deposit that it knew would be partially refunded. Respondent does not maintain any procedure to amend proofs of claim to reflect sheriff's deposits that are thereafter refunded. Is this conduct sanctionable under 11 U.S.C. § 105 or the Court's inherent power?

*Statement of Facts and Procedural History*

The Stipulation of Facts (Doc. 74) filed by the parties is incorporated herein by reference. On February 15, 2009, Debtor filed a motion to compel

discovery that was primarily directed at obtaining evidence of similar misconduct. (Doc. 66). This Court bifurcated the trial and deferred ruling on this issue until after it determines liability. (Doc. 70).

*Argument*

"The limits on a bankruptcy court's power to sanction under its inherent powers and § 105(a) are essentially coterminous." *In re Parsley*, 384 B.R. 138, 177 (Bankr. S.D. Tex. 2008). Therefore, this brief will refer only to § 105.

Respondent ("the Servicer") has argued that in the case of *In re Joubert*, 411 F.3d 452 (3d Cir. 2005), the court concluded that 11 U.S.C. § 105 "does not create a private remedy for violations of other bankruptcy code sections." (Doc. 65 p. 8-9.) Although this summary may overstate *Joubert's* holding,[1] Debtor concedes that this Court's decision in *In re Patrick*, 344 B.R. 56, 58 (Bankr. M.D. Pa. 2005), precludes the debtor from using 11 U.S.C. § 105 to assert a private right of action for the filing of a false proof of claim. However, Debtor has not asserted a private right of action.

Instead, the Debtor seeks an order requiring the Servicer to amend inaccurate claims, return overpayments to the trustee, and to refrain from filing

---

[1] *Joubert* held that Section 105 cannot be used to create a private remedy from a violation of 11 U.S.C. § 506. However, in *Padilla v. GMAC Mortg. Corp. (In re Padilla)*, 389 B.R. 409 (Bankr. E.D. Pa. 2008), Judge Frank held that *Joubert* did not prevent a party from using 11 U.S.C. § 105(a) to enforce rights under 11 U.S.C. § 1327(a). Thus, *Joubert* is not a complete bar to using § 105 to assert a private right of action.

2

Case 5:06-bk-51870-JJT    Doc 79    Filed 04/10/09    Entered 04/10/09 23:37:48    Desc
Main Document    Page 2 of 6

proofs of claim in the future that do not account for the sheriff's refund. (Doc. 58 p. 5-6). The prayer for relief also requests that the court order the Servicer to pay attorney's fees and such additional sanction as the court deems appropriate. *Id.* The debtor is not seeking private relief as she has not asked for any damages for herself as a result of the Servicer's conduct.

This Court used § 105 to sanction conduct such as the Servicer's in *Office of the US Trustee v. Bresset (In re Engel)*, 246 B.R. 784 (Bankr. M.D. Pa. 2000). There, a bankruptcy practitioner filed schedules that omitted or undervalued various assets. The U.S. Trustee's office asked this Court to sanction the attorney under Bankruptcy Rule 9011 and 11 U.S.C. § 105. This Court first refused to sanction under Rule 9011, finding, *inter alia*, that the safe harbor provision requiring advance service had not been satisfied.

However, the Court then proceeded to hold that "§ 105 does, indeed, authorize the bankruptcy court to exercise its inherent powers." *Id. at 789*. The Court further observed that "the inapplicability of Rule 9011 may justify the invocation of this court's inherent power." *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 111 S. Ct. 2123, 2136 115 L. Ed. 2d 27 (1991) ("When there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute

3

nor the Rules are up to the task, the court may safely rely on its inherent power.")) 

The Court observed that the practitioner had reason to question the documents he had filed in the case, and that he had an "obligation to reasonably and expeditiously investigate its accuracy and tender amendments, if necessary. . . . The obligation to file accurate schedules includes a continuing duty to correct errors in filed documents." *Id.* at 793-794. The Court found that the practitioner's "casual approach to the filing of the bankruptcy schedules and his dilatory response in amending known deficiencies require[d] the issuance of sanctions." *Id.* at 794.

The Servicer's conduct here is similar. The filing of the proof of claim imposed a "continuing duty" on the Servicer to "tender amendments" when necessary. The Servicer has indicated a "casual approach" to the filing of bankruptcy documents, and more significantly, has taken *no action to correct a "known deficiency"* which will continue to recur. The Servicer has admitted that it has no procedure in place to amend proofs of claim to account for a refund of a sheriff's deposit. (Stipulation of Facts, Doc. 74 ¶ 27). This continued failure to correct a known problem evidences bad faith warranting a sanction.

The fact that the Servicer's misconduct was brought to the Court's attention by the debtor (rather than *sua sponte*) does not prevent the Court from exercising its powers under § 105. In *Engel* the Court acted at the request of a

4

party-in-interest and ultimately ordered the practitioner to pay the movant's fees and costs and a monetary fine to the Clerk of the Bankruptcy Court. *Id.* at 795. The same relief would be an appropriate portion of any sanction issued here.

*Conclusion*

The Servicer has argued that the claim was accurate when it was filed. If the Court accepts this argument, sanctions might not be appropriate under Rule 9011. However, the filing of a claim requesting payment exceeding the amount to which it would be entitled, even if technically accurate, cannot be permitted. This Court has observed that although "§ 105(a) has its limitations, it is of the utmost importance that this Court act to preserve the integrity of the bankruptcy system and to maintain public confidence therein." *In re Gray's Run Techs.*, 217 B.R. 48, 52 (Bankr. M.D. Pa. 1997).

The Servicer's practice defrauds unsecured creditors. If the claim were accurately filed, or appropriately amended, then more funds could be paid to general unsecured creditors. The integrity of the bankruptcy system will suffer if the Servicer is permitted to fraudulently profit at the expense of the debtor and other creditors. An appropriate sanction will deter this misconduct.

Respectfully Submitted,

/s/ Carlo Sabatini

5

Attorney for Movant
Carlo Sabatini: Bar Number PA83831
142 N. Washington Ave., Ste 800
Scranton, PA 18503-2218
Phone (570) 341-9000
Facsimile (570) 504-2769
Email: ecf@bankruptcypa.com