IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| MARY ALICE MARGARET HANNON | : | BANKRUPTCY NO.: 5-06-bk-51870 |
| a/k/a MARY HANNON | : | |
| a/k/a MARYALICE HANNON, | : | |
| DEBTOR | : | |
| | : | |
| MARY ALICE MARGARET HANNON | : | {**Nature of Proceeding**: Debtor's Motion |
| a/k/a MARY HANNON | : | for Rule 9011 Sanctions (Doc. #41) and |
| a/k/a MARYALICE HANNON, | : | Debtor's Motion for Sanctions Under 11 |
| MOVANT | : | U.S.C. § 105 and the Court's Inherent |
| | : | Power (Doc. #58)} |
| vs. | : | |
| | : | |
| COUNTRYWIDE HOME LOANS, INC., | : | |
| RESPONDENT | : | |

# OPINION

This case presents the issue of the extent to which a proof of claim must be updated by the filing party at the risk of being sanctioned under bankruptcy rules, code and supervisory powers.

Countrywide Home Loans, Inc. is the mortgagee of the Debtor, Mary Alice Margaret Hannon. Countrywide's first Proof of Claim was filed November 6, 2006. The arrearage claim was in the amount of $9,294.53, $5000 of which was identified as "sheriff deposit" in two increments of $2500 each. On December 12, 2006, in accordance with Federal Rule of Bankruptcy Procedure 9011, Debtor's counsel prepared a Motion for Rule 9011 Sanction, forwarded it to Countrywide, and threatened to file it "if the claim has not been amended to contain a fully accurate statement . . . ." On December 29, 2006, Countrywide filed an Amended Proof of Claim for $6,794.53, eliminating one of the $2500 sheriff's deposits. After a

Stipulation between the parties, the Chapter 13 Plan was confirmed on January 12, 2007, addressing Countrywide's mortgage arrearage.

On January 25, 2007, the Sheriff refunded Countrywide, or their counsel, the sum of $2158. (Doc. #74; Stipulated Fact ¶18.) Presumably, the Chapter 13 Trustee has been paying Countrywide in accordance with the Debtor's Plan and the then-current Proof of Claim.

On May 1, 2008, the Debtor filed her request for sanctions under Rule 9011, vaguely alleging that Countrywide's Proof of Claim for arrearage was "incorrect." (Doc. #41 at ¶3.)

On June 5, 2008, Countrywide filed a second Amended Proof of Claim for $4294.53, eliminating the "sheriff's deposit" line item.

Countrywide advances that Rule 9011 is not applicable to a proof of claim. This argument has been rejected by *In re Thomas*, 337 B.R. 879 (Bankr. S.D.Tex. 2006), *aff'd*, 223 Fed. Appx. 310 (5th Cir.2007); *Cash-N-Advance v. Dansereau*, 64 Fed.Appx. 417 (5th Cir.2003); *Adair v. Sherman* 230 F.3d 890, 895 (C.A.7 (Ill.),2000), ("Rule 9011(b) explicitly requires all filings with the court to present only facts which the party reasonably believes to have evidentiary support; debtors facing fraudulent proofs of claim could seek sanctions under that section."); and *In re Rex Montis Silver Co.*, 87 F.3d 435, 438 (10th Cir.1996). These cases do not hesitate to support the application of Rule 9011 to the filing of proofs of claim.

Countrywide advances that the claims were accurate when filed, and there was no duty to correct them thereafter despite the receipt of the sheriff's refund. There is support for this proposition in our Circuit. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 484 (3d Cir.1987). Having said that, *Gaiardo* interpreted Federal Rule of Civil Procedure 11 as it read in 1987. In 1993, Rule 9011, as well as Rule 11, were amended to include the *"advocating"* of an earlier paper.

Federal Rule of Bankruptcy Procedure 9011(b). Countrywide, by collecting payments under a proof of claim, the accuracy of which was altered by a significant credit from a third party, effectively advocated the erroneous claim, presumably to the detriment of other claimants.

In response to the Rule 9011 Motion, Countrywide alleges that the confirmation of the Plan estops the Debtor from challenging the claim. *Adair v. Sherman*, 230 F.3d 890, 895 n.8 (7th Cir.2000). Even were I to agree with the holding in *Adair*, that case specifically pointed out that parties who commit fraud are subject to sanctions pursuant to Rule 9011, notwithstanding confirmation. *Id.* at 895, n8.

Rule 9011 provides that a Motion under that Rule cannot be filed unless it is first delivered to the offending party in advance so as to give that party the chance to either withdraw the document or correct it. Countrywide advances a "staleness" argument indicating that the Rule 9011 letter sent to Countrywide in advance of the Motion was dated over 16 months prior to the Motion being filed. What is of *greater* significance to me is the fact that Countrywide filed an Amended Proof of Claim, reducing the arrearage claim by $2500, 17 days after the December 12, 2006 "safe harbor" letter was posted. (See attachment to Motion, Doc. #41.) This was well within the 21 day "safe harbor" provided by Rule 9011(c)(1)(B). The conclusion becomes compelling that the issue addressed in the December 12 correspondence was addressed by the December 29 Amended Proof of Claim. That first Amended Proof of Claim would appear to be accurate until the January 25, 2007 refund from the Sheriff. It was only thereafter that the Amended Proof of Claim filed December 29, 2006 became overstated. It stands to reason, therefore, that the Motion for 9011 Sanctions, filed May 1, 2008, was not preceded by the mandatory safe harbor letter provided by Rule 9011 *with regard to the first Amended Proof of*

*Claim filed December 29, 2006.* I emphasize that the safe harbor letter that was sent by the Debtor was in reference to the original Proof of Claim filed November 6, 2006. As explained in *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90 (C.A.3 (N.J.), 2008):

> Under amended Rule 11 and amended Rule 9011, a party cannot file a motion for sanctions or submit such a motion to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or corrected within twenty-one days after service of the motion on the offending party. Fed.R.Civ.P. 11(c)(2); Fed. R. Bankr.P. 9011(c)(1). If the twenty-one day period is not provided, the motion must be denied. The purpose of the safe harbor is to give parties the opportunity to correct their errors, with the practical effect being that "a party cannot delay serving its Rule 11 motion"-or, we suggest, its Rule 9011 motion-"until conclusion of the case (or judicial rejection of the offending contention)." Fed.R.Civ.P. 11 advisory committee's notes to 1993 amendments.

*In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (C.A.3 (N.J.), 2008).

It is for this reason that the Motion of May 1, 2008 (Doc. #41) must be denied.

The Debtor also filed a second request for sanctions on December 3, 2008 (Doc. #58). In this Motion, the Debtor sought to utilize Section 105 of the Bankruptcy Code and the Court's inherent power to require Countrywide . . .

> A.  within thirty days to amend every proof of claim which has been filed on its behalf in any Chapter 13 case that is still pending in the bankruptcy court for this district, except for those claims which accurately reflect all refunds that have been received;
>
> B.  within thirty days to return to the Chapter 13 trustee for every case that is still pending in the bankruptcy court for this district, all overpayments that it received due to failure to account for refunds from the sheriff;
>
> C.  to refrain from filing proofs of claim in the bankruptcy court for this district unless the amount of any sheriff's refund that has been, or which will be received has been ascertained and accounted for in the claim;
>
> D.  to pay a reasonable attorney's fee in an amount to be determined; and
>
> E.  to issue such additional sanction as is just and appropriate.

Debtor's Motion for Sanctions Under 11 U.S.C. § 105 and the Court's Inherent Power (Doc. #58).

In this Motion, the Debtor not only alleges the same facts articulated in the original Rule 9011 Motion but includes allegations that Countrywide, in six other bankruptcy cases in this District, has taken the same cavalier attitude in neglecting to amend claims after the receipt of sheriff refunds.

The fundamental concern lies in the stipulated fact that the sheriff's refund was received by Countrywide or its agent on January 25, 2007, yet the pending claim of Countrywide was not amended to reflect this fact until June 5, 2008. This amendment was only filed after the second sanction motion was filed. Countrywide knew or should have known that the distributions from the Chapter 13 Trustee could very well be based on the amount of the claim. In fact, the Plan confirmed in this case provided that $5,871.11 be paid over to Countrywide in satisfaction of a mortgage arrearage. It is the impact such as this, not only on the Debtor but on other claimants that compels the need that Proofs of Claim be filed under the penalties provided by 18 U.S.C. §§ 152 and 3571. The issue, presently, becomes whether Countrywide, assuming its first Amended Proof of Claim was accurate when filed on December 29, 2006, had a duty to amend its claim in some fashion when it received the sheriff's refund less than one month later.

The Pennsylvania Rules of Professional Conduct, adopted by the United States District Court for the Middle District of Pennsylvania in Local Rule 83.23.2, provides:

**Rule 3.3. Candor Toward the Tribunal**

1. (a) A lawyer shall not knowingly:
    (1) make a false statement of material fact or law to a tribunal or *fail to correct a false statement of material fact* or law previously made to the tribunal by the lawyer;
    . . .

Rules of Prof. Conduct, Rule 3.3 , 42 Pa.C.S.A. *(Emphasis mine)*

Certainly, the Rules of Conduct imply a continuing duty to correct false statements. This responsibility has been alluded to in a number of cases. *In re Universal Minerals, Inc*., 755 F.2d 309, 313 (C.A.3 (Pa.),1985) ("counsel have 'a continuing duty to inform the Court of any development which may conceivably affect an outcome' of the litigation." Citing to *Fusari v. Steinberg,* 419 U.S. 379, 391, 95 S.Ct. 533, 540, 42 L.Ed.2d 521 (1975) (Burger, C.J., concurring)); *In re Hence,* 2007 WL 4333834, 5 (Bkrtcy.S.D.Tex., 2007) ("it is the claimant's duty to amend in order to ensure accuracy.")[1]*; Andersen 2000, Inc. v. Greenwich Ins. Co. (In re Andersen 2000, Inc.)*, Case No. 04-14155, 2007 Bankr.LEXIS 3720, at *15 (Bankr.N.D.Ga. Sept. 28, 2007) ("In this case, if Greenwich's actual loss turns out to be less than its filed claim, it would stand to reason that Greenwich would have a similar obligation to amend its proof of claim to reflect the amount of its actual loss . . . ."); *In re Murdock Mach. & Engineering Co. of Utah,* 1991 WL 180079, 8 (Bkrtcy.D.Utah, 1991) ("The Government . . . has a duty to update its claims.")

The first Amended Proof of Claim was filed over the signature of a member of the Georgia bar. It was not timely updated when it should have been. The economic consequences of that have not been made a part of this record. Nevertheless, the failure to amend the claim in a timely manner merits reference to the local United States Attorney to determine whether a violation of 18 U.S.C. § 152(4) has occurred. Moreover, the Rule 9011 Motion that was filed by

---

[1] "In this manner, the Chapter 13 trustee, who makes distributions by relying upon the accuracy of the amounts set forth in the proofs of claim, may properly fulfill his duties. In the case at bar, Minor is an attorney at law who signed the Proof of Claim. One would think he would know better than anyone that the Claim needed to be amended to ensure the accuracy of the figure set forth therein." *In re Hence,* 2007 WL 4333834 at 14, n8.

the Debtor has been heretofore disposed and is no longer pending before me. Unless I *sua sponte* initiate a hearing on Rule 9011, that issue is not before me.

The Debtor has asked that I utilize the Court's powers under § 105 or, in the alternative, the Court's inherent power in order to address this issue. (Doc. #58.) I will turn to that issue.

Debtor's Motion for Sanctions Under 11 U.S.C. § 105 and the Court's Inherent Power adds additional allegations not mentioned in the first sanction motion filed under Rule 9011. Debtor references 13 Proofs of Claim filed by Countrywide in the month of December, 2006. Debtor further alleges that in five of those claims, the sheriff refunded monies to Countrywide, but Countrywide failed to reduce its claim accordingly. The implication is that Countrywide engaged in a pattern of conduct tantamount to "bad faith" which should allow this Court to implement its broader sanction authority.

Relying on the inherent authority of the Court to sanction a respondent, typically, requires a finding of "bad faith." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 2135, 115 L.Ed.2d 27 (1991). Nevertheless, . . . ("when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power.") *Id.* at 50, 2136. Having said that, I am not convinced that the Court need go outside its powers under Rule 9011. Merely because the Debtor's 9011 Motion has failed, does not stop the Court from initiating its own 9011 Motion under Federal Rule of Bankruptcy Procedure 9011(c)(1)(B). Should I find that Countrywide committed sanctionable conduct, Rule 9011(c)(2) authorizes sufficient sanction to deter repetition of the undesirable conduct. Should I find that Countrywide's failure to timely amend was sanctionable, "the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty

into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Federal Rule of Bankruptcy Procedure, Rule 9011. In fact, should I find a violation of Rule 9011, I am *required* to issue a sanction. *Stuebben v. Gioioso (In re Gioioso)*, 979 F.2d 956, 960 (3d Cir.1992); *Cinema Svs. Corp. v. Edbee Corp.*, 774 F.2d 584, 586 (3d Cir.1985).

In addition, having stipulated that Countrywide has no procedure to adjust Proofs of Claim to reflect a refund of a sheriff's deposit (Doc. #74, ¶27), the Court concludes that Countrywide knowingly allowed the inaccurate Proof of Claim to be treated by the parties as accurate to the detriment of others. The Court is compelled to forward this Opinion to the United States Attorney as well as the United States Trustee for their determination as to whether a violation of 18 U.S.C. § 152(4) has occurred.

Furthermore, the Court *sua sponte* rules Countrywide to show cause why it should not be sanctioned under Federal Rule of Bankruptcy Procedure 9011(c)(1)(B) for failing to timely amend their Proof of Claim upon receipt of the sheriff's refund; for ignoring this responsibility intentionally as evidenced by the stipulated paragraph heretofore cited; and for making claim on funds based on what became a false Proof of Claim.

There is a chance that Rule 9011 is not "up to the task" of providing sufficient authority to compel a claimant to keep their Proofs of Claim updated so as to allow the Trustee, or Debtor-in-possession, to fairly allocate distributions to those filing proofs. In such a case, I believe §

105(a)[2] provides the judicial authority to compel a claimant to timely amend a claim that ought, in good conscience, be reduced because of circumstances such as the refund at hand. To conclude otherwise would give a windfall to those claimants receiving distributions based on outdated information.

Accordingly, Debtor's Motion for Sanctions under § 105 (Doc. #58) will be held in abeyance pending a determination of whether the Court's *sua sponte* Rule 9011 Motion is sufficient to address the issue presented.

My Order will follow.

Date: December 18, 2009

*John J. Thomas, Bankruptcy Judge*

(CMS)

*This opinion is electronically signed and filed on the same date.*

---

[2] "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C.A. § 105.