# SABATINI LAW FIRM, LLC

**CARLO SABATINI***                                                                            216 N. Blakely St.
**KRISTIN SABATINI**                                                               Dunmore, PA 18512
**KENNETH PENNINGTON**                                           Phone: (570) 341-9000
                                                                                             Fax: (570) 504-2769
                                                    <u>Satellite Office</u>: Wilkes-Barre 823-9000

January 13, 2010

Hon. John J. Thomas
U.S. Bankruptcy Court for the
Middle District of Pennsylvania
U.S. Court House
197 S. Main St.
Wilkes-Barre, PA 18701

*VIA CM/ECF ONLY*

       Re:    In re Mary Alice Hannon
                  5:06-bk-51870-JJT
                  **Hannon v. Countrywide**
                        **Debtor's Motion for Rule 9011 Sanctions (Doc. 41)**
                        **Debtor's Motion for Sanctions Under 11 U.S.C. § 105 and the Court's Inherent Power (Doc. 58)**
                        **Show Cause Order (Doc. 81)**

Dear Judge Thomas,

       On December 18, 2009, you issued an opinion in the above matter (Doc. 80) and *sua sponte* ruled Countrywide to show cause as to why it should not be sanctioned (Doc. 81). I am writing regarding outstanding discovery which might be useful at the hearing that is scheduled for January 28, 2010, and to explain why I will not pursue that discovery.

       The debtor filed motions under Bankruptcy Rule 9011 and 11 U.S.C. § 105, and served discovery in connection with each motion. Eventually, the debtor filed a motion to compel responses to some of the discovery. (Doc. 66). At the hearing on that motion, it was agreed that the trial would be bifurcated, and that the issue of damages would be deferred to a later date. (Proceeding Memo for hearing held February 19, 2009, Doc. 70). My recollection is that the reason that the trial was bifurcated was to allow Countrywide to avoid answering discovery that related solely to damages, unless you first determined that there was liability. Because of this bifurcation, I do not believe that you ever reached the issue of whether Countrywide would ever be required to respond to disputed discovery relating to damages.

       If that discovery were now answered, the responses might be relevant at the show cause hearing that is scheduled for January 28, 2010. For example, the Debtor asked for information about Countrywide's claims in other bankruptcy cases. Specifically, Debtor sought the amounts of refunds the servicer received from the sheriff, whether the claims were amended to reflect those refunds, and, if so, whether the amendment came after an inquiry from a debtor or debtor's counsel. (Doc. 66, Exhibit C, pp. 4 - 6 ¶¶ 5, 14). As any sanction might be limited to the amount necessary to deter the misconduct, this evidence could be relevant to show the extent and profitability of defendant's misconduct. The Debtor also sought information regarding other bankruptcy proceedings where a party sought or obtained sanctions against Countrywide. (Doc.

---

\* Board Certified - Consumer Bankruptcy Law - American Board of Certification

66, [Exhibit C](), pp. 3-4). Again, evidence of the effectiveness of other sanctions could be probative in tailoring a sanction amount here.

      Beginning on the date that you entered your Order, I began attempting to communicate with Countrywide's counsel to seek their agreement to respond to the discovery. However, perhaps due to the holidays and the respondent's substitution of counsel, I was unable to obtain a response from anyone until today when I received a call from Attorney Dino Ross. Attorney Ross entered an appearance on behalf of Countrywide and indicated that they will not respond to this discovery for two reasons. First, they just became involved in the case and are continuing their investigation. More significantly, they point out that your order of December 18, 2009 disposed of the Debtor's 9011 motion, and furthermore, it abated the § 105 motion until after you rule on your *sua sponte* 9011 motion. Thus, as the Debtor does not have any active motions, they do not believe that they are presently required to respond to the discovery. I believe that Attorney Ross may be correct. Therefore, I do not intend to file a motion to compel the discovery.

      I wished to make you aware of the outstanding discovery, because, if you feel it would be helpful, you might wish to *sua sponte* order Countrywide to respond to any portion of it, either in advance of the scheduled hearing, or before any second hearing on the motion.

      Also, you indicated that Rule 9011 might not be "'up to the task'" and that you might have to rely on § 105. (Opinion, Doc. [80](), pp. 9-10). If that is your ultimate determination, I would request a damages hearing be held before a final decision on the § 105 motion, and would also appreciate an opportunity to move to compel responses to any outstanding discovery before that hearing is held.

      Sincerely yours,

      *Carlo Sabatini*

      Carlo Sabatini

CS/
cc:    Dorothy A. Davis, Esquire (CM/ECF only)
       Dino A. Ross, Esquire (via email only to [dross@eckertseamans.com](mailto:dross@eckertseamans.com))