UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| In re | } | Chapter 13 |
|---|---|---|
| MARY ALICE MARGARET HANNON, | } | BANKRUPTCY No. 5-06-bk-51870 |
| Debtor | } | |
| | } | |
| MARY ALICE MARGARET HANNON, | } | {Nature of Proceeding: Order dated December 18, 2009 (Doc. #81)} |
| Movant, | } | |
| v. | } | |
| COUNTRYWIDE HOME LOANS, INC., | } | |
| Respondent. | } | |

**RESPONDENT COUNTRYWIDE HOME LOANS, INC.'S
MOTION TO WITHDRAW UNAUTHORIZED STIPULATION**

Countrywide Home Loans, Inc. ("Countrywide"), files this Motion to Withdraw Unauthorized Stipulation ("Motion to Withdraw"). In support of its request to withdraw Stipulation No. 27 contained in the Factual Stipulation filed and entered in the above-captioned proceeding as Docket No. 74 (hereinafter the "Stipulation"), Countrywide respectfully states as follows:

### I.  FACTUAL BACKGROUND

1. Findings of fact concerning the filing of Countrywide's original proof of claim and, specifically, the sheriff's deposit at issue in the Debtor's Motion for Rule 9011 Sanctions (Doc. #41) and the Debtor's Motion for Sanctions Under 11 U.S.C. § 105 and the Court's Inherent Power (Doc. #58) (together the "Sanctions Motions") are set forth in the second, third, and fourth paragraphs of this Court's December 18, 2009 Opinion (Doc. 80).

2. Countrywide submits that prior to the hearing on the Sanctions Motions, Oren Klein, Esquire, prior counsel for Countrywide in this Chapter 13 proceeding, without Countrywide's authorization: (i) informally agreed to the alleged accuracy of certain factual matters, including conclusions relating to such matters; (ii) agreed to and signed the Stipulation; (iii) agreed to the filing of the Stipulation and attached exhibits with this Court; and thereby (iv) allowed a factual conclusion adverse to Countrywide to be entered into the record. Mr. Klein had received no authority from his client Countrywide to do so, he did not disclose his agreements or the Stipulation to Countrywide, and Countrywide had no knowledge of his agreements or the Stipulation until it received this Court's Opinion (Doc. #80) making reference to it.

3. The Stipulation contains 31 numbered "factual stipulations" and was electronically signed by Carlo Sabatini, Esquire, as attorney for the debtor, and Mr. Klein, as attorney for Countrywide. (*See* Doc. 74 at p. 5 of 5). Of these 31 stipulations, 30 address the underlying obligations of the debtor, the substance and timing of pleadings filed in the debtor's chapter 13 case, and the circumstances surrounding the disbursement of a pre-petition sheriff's deposit and the treatment of a post-petition refund of a portion of that deposit. Unlike the other paragraphs of the Stipulation, paragraph 27 stipulates to a conclusion regarding the adequacy of Countrywide's general procedures for handling refunds of sheriff's deposits. Specifically, paragraph 27 of the Stipulation states: "In Chapter 13 cases where a refund of a pre-petition sheriff's deposit is not received until after the corresponding proof of claim has been filed, the Servicer does not maintain procedures reasonably adapted to ensure that an amended proof of claim is thereafter filed to reflect the refund."

**RESPONDENT COUNTRYWIDE HOME LOANS, INC.'S**
**MOTION TO WITHDRAW UNAUTHORIZED STIPULATION** – Page 2

Case 5:06-bk-51870-JJT    Doc 103    Filed 02/17/10    Entered 02/17/10 16:28:17    Desc
Main Document      Page 2 of 12

4. On February 13, 2009, Mr. Klein allegedly confirmed the "accuracy" of the language subsequently incorporated in paragraph 27 of the Stipulation in an email to the Debtor's counsel. He did not advise Countrywide's representative or the counsel who had referred the matter to him that he had done so. (Declaration of Monique Moss-Peloso ("Moss Decl.") ¶ 4), (Declaration of Oren Klein ("Klein Decl.") ¶ 3).

5. On December 18, 2009, the Court entered the Opinion that assumed the factual accuracy of paragraph 27 of the Stipulation. (Doc. #80; *see also* Order, Doc. #81). The Opinion reflects that paragraph 27 of the Stipulation figured prominently in the Court's reasoning. The Court, *sua sponte*, ordered Countrywide to show cause why it should not be sanctioned under Federal Rule of Bankruptcy Procedure 9011 for, in part, " . . . failing to timely amend their Proof of Claim upon receipt of the sheriff's refund; [and] for ignoring this responsibility intentionally as evidenced by the stipulated paragraph heretofore cited [paragraph 27]; . . .". (Doc. 80).

6. At no time prior to the entry of the Court's Opinion and Order did Mr. Klein disclose to Countrywide that he had agreed to or filed the Stipulation. (Moss Decl. ¶¶ 3, 7), (Klein Decl. ¶ 4). Countrywide did not learn of the Stipulation until after the Court entered the Opinion and Order. (Moss Decl. ¶ 3).

7. Paragraph 27 of the Stipulation is not accurate and is belied by the facts of this case. In this very case, Countrywide filed an amended proof of claim after it received the refund of the sheriff's deposit. In addition, it is uncontested that the proceeds of the refund were applied directly to the Debtor's loan account with Countrywide (through a credit against her loan obligations). Finally, the chapter 13 trustee distributed funds in accordance with Countrywide's Second Amended Proof of Claim, which did not include any portion of the sheriff's deposit in question. (Doc. 74 at ¶ 27). By entering into an unauthorized and inaccurate stipulation, which

was the basis for a conclusion by the Court regarding Countrywide's intent, in the absence of supporting evidence, Mr. Klein compromised Countrywide's defense to the Debtor's Sanctions Motions and the Court's Show Cause Order.

## II. ARGUMENTS AND AUTHORITIES

8. The evidence and testimony Countrywide will submit will establish Mr. Klein lacked actual authority to enter into the stipulation set forth in paragraph 27 of the Stipulation and, more importantly, will reveal that Countrywide's procedures do not support the conclusions set forth in that paragraph. As shown below, sufficient and just cause exists for this Court to conclude that paragraph 27 of the Stipulation is void because Mr. Klein was not authorized to agree to it. *In re Gsand*, 153 F.2d 1001, 1005 (3d. Cir. 1946) ("[W]here the sacrifice [imposed by an attorney's unauthorized compromise] is such as to leave it scarcely possible that, with a full knowledge of every circumstance, such a compromise could be fairly made, there is no hesitation in saying that the compromise, being unauthorized, and being therefore in itself void, ought not to bind the injured party.") (quoting *Holker v. Parker*, 7 Cranch 436 (1813) (Marshall, C.J.)). Withdrawal of paragraph 27 of the Stipulation is also necessary to prevent a "manifest injustice" under Third Circuit case law and other equitable principles. *See Waldorf v. Shuta*, 142 F.3d 601, 616 (3d Cir. 1998). Countrywide respectfully requests that this Court enter an order granting this Motion to Withdraw.

**A. Withdrawal is required because the Stipulation was unauthorized and is void.**

9. Although the Federal Rules of Civil Procedure do not specifically address stipulations, factual stipulations are favored between parties because they can help to streamline the litigation process. *Waldorf*, 142 F.3d at 616. However, factual stipulations "are not absolute, and courts can grant parties relief from them." *Id.* (citing *United States v. Montgomery*, 620 F.2d 753, 757 (10th Cir. 1980)).

10. The threshold determination for this Court under the controlling Third Circuit authority pertaining to a party's request to withdraw a stipulation, is whether paragraph 27 of the Stipulation was authorized by Countrywide and otherwise "freely and fairly" entered into by the parties. *Waldorf,* 142 F.3d at 616, 619 & n.5; *see also, In re Glauser*, Case No. 05-bk-19233-DWS, 2006 WL 2847364 at *3 (Bankr. E.D. Pa. Sept. 19, 2006).[1]

11. The policy rationale for permitting a party to withdraw an unauthorized stipulation is that an attorney's general authority "does not extend to an unauthorized act which will result in the surrender of any substantial right of the client, or the imposition of new liability or burdens upon him." *In re Gsand*, 153 F.2d at 1005 (quotation omitted); *Covington v. Continental Gen. Tire, Inc.*, 381 F.3d 216, 217 (3d Cir. 2004) (finding Pennsylvania law requires an attorney to have express authority to settle a lawsuit on behalf of a client, and apparent authority is insufficient).[2] Here, Mr. Klein's attorney-client relationship with Countrywide did not give him authority to enter into the Stipulation at all, much less agree to the inaccurate conclusion stated in paragraph 27 of the Stipulation.

12. The Third Circuit considered a similar situation in *In re Gsand*. The attorney in *Gsand* orally stipulated to certain facts on behalf of his client, on the record in open court, but the attorney lacked actual authority to do so. In ruling on withdrawal of the attorney's stipulation, the Third Circuit reviewed testimony from the attorney and the client. Based on such testimony, the *Gsand* court determined the attorney had no actual authority to enter into the factual

---

[1] *Cf. Sellersville Savings & Loan Assoc. v. Kelly*, 29 B.R. 1016, 1018 (E.D. Pa. 1983) (allowing enforcement of a stipulation unless a stipulation has not been entered into voluntarily…."). The *Sellersville* court denied a debtor's request to be relieved from a stipulation he had personally signed.
[2] "[I]t would be a harsh rule to hold that the rights of parties may be swept away by admissions of counsel, unintentionally made." *In re Gsand*, 153 F.2d at 1005 (internal citation omitted).

**RESPONDENT COUNTRYWIDE HOME LOANS, INC.'S**
**MOTION TO WITHDRAW UNAUTHORIZED STIPULATION** – **Page 5**

stipulation, and therefore concluded the stipulation was void. *In re Gsand*, 153 F.2d at 1002-1004.

13. Like the client in *Gsand*, Countrywide did not authorize the Stipulation and did not even learn of it until the Court entered its Opinion on December 18, 2009, more than nine (9) months after the Stipulation was filed. Mr. Klein lacked actual authority to enter into paragraph 27 of the Stipulation, and it should be declared void.

**B.     Withdrawal of the unauthorized paragraph 27 of the Stipulation will prevent manifest injustice.**

14. Even if the Stipulation in this case had been authorized by Countrywide—which it was not—it is well-recognized in this Circuit that a stipulation should not be enforced if doing so would result in "manifest injustice" to a party to the stipulation. *Waldorf*, 142 F.3d at 616.

15. In *Waldorf*, the Third Circuit listed the following four factors for determining whether enforcement of a factual stipulation, despite a party's request to modify or withdraw it, would result in "manifest injustice": "(1) the effect of the stipulation on the party seeking to withdraw the stipulation; (2) the effect of [withdrawal] on the other parties to the litigation; (3) the occurrence of intervening events since the parties agreed to the stipulation; and (4) whether evidence contrary to the stipulation is substantial." *Waldorf*, 142 F.3d at 617-18 (internal citations omitted). These factors direct that Countrywide must be allowed to withdraw the factual conclusion set forth in paragraph 27 of the Stipulation to prevent a "manifest injustice."

**i.     Substantial evidence exists to disprove paragraph 27 of the Stipulation.**

16. In support of Countrywide's assertion that the Stipulation is patently incorrect, Countrywide will submit evidence at the hearing on the Order that it does, in fact, have procedures that would address the handling of sheriff's refunds and that those procedures are designed to take into account the nuances and requirements of bankruptcy law, state law, and

local practice as communicated to it by its counsel. In this case Countrywide caused no harm to this Debtor, but rather benefitted her through the reduction of her loan balance.

**ii.     Exceptional circumstances justify withdrawal of paragraph 27 of the Stipulation.**

17.    Mr. Klein's failure to disclose the Stipulation—and particularly paragraph 27 of the Stipulation—to Countrywide is an exceptional circumstance. As a result of the unauthorized stipulation Countrywide was deprived of the opportunity to present evidence that would refute paragraph 27. Moreover, the Court has now drawn conclusions regarding Countrywide's intent in its dealings with the Debtor based on the inaccurate factual conclusion stated in the unauthorized stipulation. As the Court has been influenced by the unauthorized stipulation, Countrywide submits it is necessary to allow the withdrawal of paragraph 27 of the Stipulation to prevent manifest injustice.

**iii.    Withdrawal of paragraph 27 of the Stipulation will not cause prejudice.**

18.    In *Waldorf*, the district court entered a judgment that relied, in part, on a party's stipulation of liability. *Waldorf*, 142 F.3d at 612. As a result of the stipulation, the district court determined the defendant had waived the affirmative defense of comparative negligence. *Id.* at 613. The defendant later moved the district court to withdraw its stipulation of liability, and the district court denied the motion. On appeal, the defendant argued the district court's refusal to permit withdrawal was an abuse of discretion. *Id.* at 613, 616. Affirming the district court, the Third Circuit emphasized the district court had relied on the stipulation for approximately six years. *Id.* at 615 ("[L]iability had not been an issue in the case since….the stipulation in 1992. If there was a trial on liability, there would be further delays in the case…." (internal citation omitted)). No prejudice even remotely similar would result from withdrawal of paragraph 27 of the Stipulation here.

RESPONDENT COUNTRYWIDE HOME LOANS, INC.'S
MOTION TO WITHDRAW UNAUTHORIZED STIPULATION – Page 7

Case 5:06-bk-51870-JJT    Doc 103    Filed 02/17/10    Entered 02/17/10 16:28:17    Desc
Main Document    Page 7 of 12

19. Although paragraph 27 clearly affected the Court's Opinion and Order, at the next scheduled hearing, the Court will hear evidence concerning Countrywide's procedures to decide whether Countrywide should be sanctioned. At that time, the Court can determine whether the factual conclusion in paragraph 27 is accurate.

**iv.      Denial of Countrywide's request to withdraw paragraph 27 of the Stipulation will materially and substantially prejudice Countrywide not only in this proceeding but, potentially, in other Chapter 13 proceedings.**

20. Mr. Klein's duty as Countrywide's attorney was to protect Countrywide's interest and claims in this proceeding, and only this proceeding. However, Mr. Klein's unauthorized acts have the potential to have repercussions substantially beyond this proceeding and might well prejudice Countrywide in other matters. Mr. Klein's agreement to a stipulation beyond the facts of this case—pertaining to the adequacy of Countrywide's procedures "in Chapter 13 cases"—clearly demonstrates Mr. Klein overstepped the bounds of his limited authority. As confirmed by the authorities cited in section A above, local counsel in a particular bankruptcy matter has no general authority to enter into material stipulations without the client's express consent.

21. Nor has Countrywide derived any benefit from the unauthorized Stipulation since its entry on March 3, 2009. *See Waldorf*, 142 F.3d at 619 (finding that "it would be manifestly unfair" for the moving party to "be freed of the burdens of the stipulation while maintaining its benefits."). Instead, Countrywide has been materially and substantially prejudiced in this proceeding and, potentially, in other Chapter 13 cases.

22. Countrywide urges the Court to carefully weigh the lasting prejudice of the unauthorized and inaccurate stipulation in considering the Motion to Withdraw. On its face, paragraph 27 of the Stipulation purports to stipulate to an inaccurate factual conclusion that may be applied to all Chapter 13 cases.

23. When a dispute arises over the meaning of a stipulation, federal courts generally – and the Third Circuit specifically – treat the stipulation as a contract and apply fundamental principles of contract interpretation. *Washington Hosp. v. White*, 889 F.2d 1294, 1299-1300 (3d. Cir. 1989). And, when "interpreting a stipulation, courts should consider its plain language and the circumstances surrounding the formation of the stipulation which may explain its meaning." *Waldorf*, 142 F.3d at 612. For example, in a case concerning an ambiguous stipulation, the Third Circuit held that "the affidavit of …one of the attorneys involved in drafting the stipulation, should be considered if presented in accordance with other applicable evidentiary requirements." *Washington Hosp.*, 889 F.2d at 1296.[3] The Court should strongly consider the declarations filed by Countrywide as proof of its intent and Mr. Klein's lack of authority. When the written agreement is not clear, "external indicia of the parties' intent … are useful, and probably indispensable, in interpreting contract terms." *Mellon Bank, N.A., v. Actual Business Credit, Inc.*, 619 F.2d 1001, 1010 (3d Cir 1980). In this case, the meaning is unclear due to the inaccuracy in the stipulation, and such objective indicia is necessary to determine Countrywide's intent.

24. The inaccurate stipulation of a factual conclusion will have prejudicial ramifications beyond this case. Contesting the accuracy, admissibility, and relevancy of paragraph 27 of the Stipulation in other Chapter 13 cases will be time-consuming and costly. These costs and burdens are unnecessary in light of the fact that the Stipulation is inaccurate, Mr. Klein filed the Stipulation without actual authority to do so and never discussed the filing of the

---

[3] The *Waldorf* court explained that "[i]n interpreting a stipulation, courts should consider the plain language and the circumstances surrounding the formation of the stipulation which may explain its meaning." *Waldorf*, 142 F.3d at 612 (internal quotation omitted); *accord Porter v. King*, Case No. 04-1228, 2009 WL 2407840 at *11 n.11 (W.D. Pa. Aug. 3, 2009) (construing an ambiguous stipulation).

**RESPONDENT COUNTRYWIDE HOME LOANS, INC.'S
MOTION TO WITHDRAW UNAUTHORIZED STIPULATION** – Page **9**

Stipulation with his client prior to its filing on March 9, 2009 – or, indeed, at any time prior to the entry of the Court's Opinion and Order.

25. It is important to emphasize the *Waldorf* court's rationale in denying relief to the party moving for withdrawal of a stipulation: The moving party, when it "made the stipulation…had full understanding of the legal rights it was relinquishing, and had clear knowledge of the consequences of its stipulation." *Waldorf*, 142 F.3d at 618. Unlike the stipulation at issue in *Waldorf*, the stipulation here was not the product of Countrywide's inadvertence and oversight. Rather it resulted from the exceptional circumstance of an attorney entering into an inaccurate factual stipulation without the approval of his client and without disclosing the stipulation to his client. "A court may allow a party to withdraw from a stipulation if the moving party can prove that he relied to his detriment on representations that were untrue, or that the stipulation stemmed from fraud, accident, mistake, inadvertence, surprise, or excusable neglect, or some other reason that justifies relief." *United States v. Kulp*, 365 F.Supp. 747, 763 (E.D. Pa. 1973), *aff'd*, 497 F.2d 921 (3d. Cir. 1974).

### III. CONCLUSION

26. Based on the foregoing authorities and the *Waldorf* factors, this Court should conclude that the failure to allow Countrywide to withdraw paragraph 27 of the Stipulation will result in a manifest injustice. Granting Countrywide's Motion to Withdraw will not cause prejudice to others. Countrywide respectfully requests that this Court enter an order granting this Motion to Withdraw not for the purposes of delay, but so that justice may be done in this matter.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Respondent Countrywide Home Loans, Inc. prays that the Court grant its Motion to Withdraw, enter an order voiding paragraph 27 of the Stipulation entered into the record as Docket Number 74. Countrywide also prays for such other and further relief to which it may be justly entitled.

Dated: February 17, 2010.

Respectfully submitted,

/s/ Dorothy A. Davis_____
Dorothy A. Davis
Pa. I.D. No. 34958
ECKERT SEAMANS CHERIN MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566-5953
(412) 566-6099 Facsimile

and

Dino A. Ross
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street, Eighth Floor
Harrisburg, PA 17101
(717) 237-7189
(717) 237-6019 Facsimile
**ATTORNEYS FOR COUNTRYWIDE HOME LOANS, INC.**

Of Counsel:

Thomas A. Connop
Texas State Bar No. 04702500
(Admitted *Pro Hac Vice*)
Bradley C. Knapp
Texas State Bar No. 24060101
(Admitted *Pro Hac Vice*)
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 Facsimile

# CERTIFICATE OF SERVICE

      This is to certify that I have this day caused to be served a copy of the foregoing MOTION TO WITHDRAW STIPULATION by first class mail, postage prepaid upon the following this 17th day of February, 2010:

| | |
|---|---|
| Carlo Sabatini, Esq. | Charles J. DeHart, III |
| Sabatini Law Firm, LLC | 8125 Adams Drive, Suite A |
| 216 N. Blakely Street | Hummelstown, PA  17036 |
| Dunmore, PA  18512 | |
| United States Trustee | |
| PO Box 969 | |
| Harrisburg, PA  17108 | |

                                         /s/ Dorothy A. Davis_____
                                         Dorothy A. Davis