UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | } | Chapter 13 |
| MARY ALICE MARGARET HANNON, | } } | Bankruptcy Case No. 5-06-bk-51870 |
| Debtor | } | |
| MARY ALICE MARGARET HANNON, | } } } | Related to Doc. No. 81 |
| Movant, | } } | |
| v. | } } | |
| COUNTRYWIDE HOME LOANS, INC., | } } | |
| Respondent. | } | |

**COUNTRYWIDE HOME LOANS, INC.'S RESPONSE TO
THE COURT'S SHOW CAUSE ORDER**

Countrywide Home Loans, Inc. ("Countrywide"), files this Response to the Court's Show Cause Order ("Response") and states as follows:

**I.     INTRODUCTION**

1.     Before the Court is the question whether Countrywide should be sanctioned in this case for filing an accurate proof of claim when subsequent developments resulted in a refund of a portion of a pre-petition sheriff's deposit included in that claim. Following the refund, Countrywide made no additional efforts to advocate the proof of claim, credited the amounts returned to the Debtor's account, and, when the proof of claim was eventually challenged, amended the proof of claim to omit the pre-petition sheriff's deposit altogether. Countrywide submits the proof will establish the Debtor suffered no harm but, in fact, benefitted from Countrywide's actions through the deletion of the sheriff's deposit and the credit of the refunds received to her loan obligations. Moreover, the Chapter 13 Trustee paid only the amended
**COUNTRYWIDE HOME LOANS, INC.'S RESPONSE TO
THE ORDER TO SHOW CAUSE - PAGE 1 OF 15**

Countrywide claim, which does not include the sheriff's deposit at all, and his records reflect Countrywide's arrearage claim is paid in full. Based, in part, on a stipulation entered by Countrywide's counsel without Countrywide's authorization, the Court issued an Order ("Show Cause Order") (Doc. 81) directing Countrywide to show cause why it should not be sanctioned under Federal Rule of Bankruptcy Procedure 9011(c)(1)(B).[1] The Court's Opinion (Doc. 80), issued the same day as the Show Cause Order, further suggested the Court may consider sanctions under 11 U.S.C. § 105 if Rule 9011 is not "up to the task." (Opinion at 7-9). Countrywide submits that sanctions under Rule 9011 or section 105 would be inappropriate under the facts of this case.

## II. FACTUAL BACKGROUND

2. Countrywide services the Debtor's mortgage loan. On November 6, 2006, Countrywide filed a proof of claim listing, in relevant part, two $2500 sheriff's deposits as part of the arrearage on the mortgage loan at the time Debtor filed her bankruptcy petition. (Claim No. 1). On December 12, 2006, the Debtor sent a letter to Countrywide pursuant to Federal Rule of Bankruptcy Procedure 9011 requesting Countrywide amend its proof of claim to correct certain alleged, but unspecified, inaccuracies. In response to this letter, Countrywide filed an Amended Proof of Claim on December 29, 2006, within the 21-day safe-harbor period, eliminating one of the sheriff's deposits that had mistakenly been included in the initial proof of claim. (Claim No. 8-1); *see* FED. R. BANKR. P. 9011(c). Neither Debtor nor the Court contends the Amended Proof of Claim was inaccurate when filed. Indeed, the Debtor entered into a stipulation with Countrywide on January 8, 2007, that provided that "[t]he allowed secured claim of [Countrywide] for pre-petition arrearages will be paid, in full, through the Chapter 13 Plan." Debtor's Chapter 13 Plan was confirmed on January 12, 2007. (Doc. 24).

---

[1] Countrywide filed a Motion to Withdraw Unauthorized Stipulation on February 17, 2010. (Doc. 103).

**COUNTRYWIDE HOME LOANS, INC.'S RESPONSE TO
THE ORDER TO SHOW CAUSE - PAGE 2 OF 15**

3. On January 25, 2007, the sum of $2,158.00 was returned to Countrywide by the Luzerne County Sheriff. (Doc. 74 at ¶ 18). Upon receipt of the funds and despite the fact they represented funds advanced by Countrywide and never paid by the Debtor, Countrywide credited the full refund amount to the Debtor's loan account. (Doc. 74 at ¶ 21).

4. Almost eighteen months later, on May 1, 2008, without sending any additional mandatory letter invoking Countrywide's safe harbor period, Debtor filed a Motion for Rule 9011 Sanctions for alleged inaccuracies in Countrywide's Amended Proof of Claim. (Doc. 41). In response, Countrywide filed an answer and a Second Amended Proof of Claim on June 5, 2008, eliminating in full the portion of the arrearage relating to the sheriff's deposit. (Doc. 43; Claim No. 8-2).

5. Despite the fact this alleged inaccuracy had been cured and the Debtor had been credited with the full amount of the sheriff's deposit refund, Debtor filed a Motion for Sanctions Under 11 U.S.C. § 105 and the Court's Inherent Power on December 3, 2008. (Doc. 58).

6. On December 18, 2009, the Court entered the Show Cause Order. (Doc. 80). The Show Cause Order, when read with the Court's Opinion issued the same day, suggests the Court will consider whether sanctions are necessary under Federal Rule of Bankruptcy Procedure 9011 for Countrywide's "advocating" an inaccurate proof of claim through the mere receipt of payment. (Doc. 80, 81). The Opinion further suggests the Court will consider sanctions under 11 U.S.C. § 105(a) if Rule 9011 is not "up to the task." (Doc. 80 at 7-9).

### III. ARGUMENTS AND AUTHORITIES

7. Countrywide should not be sanctioned. While the Court's Opinion focuses on Rule 9011, Countrywide submits sanctions are not appropriate under either Rule 9011 or section 105(a) of the Bankruptcy Code. The Amended Proof of Claim was accurate when filed and, following the refund, was never advocated by Countrywide. Countrywide's actions therefore fail

to implicate Rule 9011. Countrywide's conduct also fails to support sanctions under section 105 of the Bankruptcy Code. Countrywide's conduct was not wrongful, and therefore Countrywide should not be sanctioned.

**A.     The Court should not sanction Countrywide pursuant to Bankruptcy Rule 9011 because Countrywide filed an accurate proof of claim and never advocated an inaccurate one.**

8.      Neither the Court's Opinion nor its Show Cause Order suggests Countrywide's Amended Proof of Claim was inaccurate when filed. Instead, the Court is considering sanctions due to Countrywide's "advocating" by failing to "timely amend" an otherwise accurate proof of claim and collecting payments. (Doc. 80 at p. 3 of 9). Countrywide submits that sanctions under Rule 9011 are improper because the passive acceptance of distributions does not constitute "advocating" as a matter of law. Countrywide's proof of claim was accurate when filed, and Countrywide never "advocate[ed]" an inaccurate proof of claim.

9.      Federal bankruptcy courts generally, and this Court specifically, have acknowledged that Federal Rule of Bankruptcy Procedure 9011 is informed by Federal Rule of Civil Procedure 11. (*See, e.g.*, Doc. 80 at p. 2 of 9). Bankruptcy Rule 9011 provides sanctioning authority for the initial filing and subsequent advocating of inaccurate pleadings. Indeed, Rule 9011 was amended in 1997 "to conform to the 1993 changes to Fed. R. Civ. P. 11. **For an explanation of these amendments, see the advisory committee note to the 1993 amendments to Fed. R. Civ. P. 11**." *See* Advisory Committee Note to the 1997 Amendments (emphasis added). The final sentence of the third paragraph to the Advisory Committee Notes to the 1993 amendments to "Subsections (b) and (c)" of FED. R. CIV. P. 11 provides, in relevant part: "**Subdivision (b) does not require a formal amendment to pleadings** for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses." (emphasis added); *see TEGG Corp.* v. *Beckstrom Elec. Co.*, Civ. No. 08-435, 2008

U.S. Dist. LEXIS 100081 (W.D. Pa. Dec. 10, 2008) (quoting Notes of the Advisory Committee on Rules, 1993 Amendments); *see*, *e.g., In re Reilly*, 244 B.R. 46, 50 (Bankr. D. Conn. 2000) (holding that while a creditor's withdrawal of his proof of claim mooted his ancillary nondischargeability complaint against the debtor, the creditor's failure to amend his complaint and respond to debtor's attorney did not justify Rule 9011 sanctions where the creditor made no effort to pursue his complaint).

10. The Second Circuit Court of Appeals has aptly pointed out that subdivision (b), as amended in 1993, deals with "the scope of litigating lawyers' obligations…[and] permits sanctions based on the 'presenting' of a paper…." *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996).[2] In relevant part, "'presenting' of a paper" is "broadly" defined as "signing, filing, submitting or *later advocating*." *Id.* (emphasis original). The Second Circuit states that "[t]he new language and the Advisory Committee's comments make evident that although sanctions may now be based on litigants' **oral representations**, not all oral statements are sanctionable under Rule 11…." *Id.* (emphasis added).

11. Likewise, federal bankruptcy and district courts have construed the phrase "later advocating" to mean in-court, oral argument in support of a claim or fact disproven subsequent to filing. *See, e.g., In re Akl*, Case No. 07-bk-256, Adv. No. 07-cv-10026, 2009 WL 3348281 at *3, n.2 (Bankr. D. D.C. Oct. 15, 2009); *In re Sanford*, 403 B.R. 831, 843 (Bankr. D. Nev. 2009) (finding that the lawyer "both signed the petition that initiated the [unjustifiably filed] Second [Chapter 13] Case and later advocated it *before* this court."); *Morris v. Wachovia Securities, Inc.*, Civil Action No. 3:02-cv-797, 2007 WL 2126344 at *8-9 (E.D. Va. Jul. 20, 2007) (discussing

---

[2] This Court also acknowledged the fact that the 1997 Amendment to Rule 9011, per the 1993 Amendment to FED. R. CIV. P. 11, added the phrase "advocating." (*See* Doc. 80 at p. 2 of 9).

**COUNTRYWIDE HOME LOANS, INC.'S RESPONSE TO**
**THE ORDER TO SHOW CAUSE - PAGE 5 OF 15**

1993 amendment to Federal Rule of Civil Procedure 11(b) in connection with the reality that the *presenting* attorney may or may not have signed and filed the offending paper).

12. As the Court acknowledged in its December 18, 2009 Opinion, Countrywide's Amended Proof of Claim was accurate when filed. In this proceeding, Countrywide has not made any additional filings or appearances before this Court to orally argue in support of the sheriff's deposit at issue—or in and before any other court for that matter.[3] Consequently, the Court's reliance on *In re Hence*, Case No. 06-32451-H4-13, 2007 WL 4333834 (Bankr. S.D. Tex. Dec. 5, 2007) is misplaced. In *Hence*, the attorney for a creditor signed and filed a proof of claim *after* the district court denied the controversial claim of 18% interest on arrearages and *pending appeal* of that issue to the Fifth Circuit. *In re Hence*, 2007 WL 4333834 at *5. Based on the district court's denial of the particular interest rate, among other things, the *Hence* court concluded that the attorney had a continuing "duty to check the Fifth Circuit's docket to determine the status of his client's appeal." *Id.* at *5 & n. 7. The court further concluded that the attorney, upon entry of the Fifth Circuit opinion, would "quickly amend the Proof of Claim so that the figure did not include interest on the arrearages at 18% per annum." *Id.* In other words, the *Hence* lawyer should have realized that the claim *as filed* was inflated *unless and until* he won on appeal at the Fifth Circuit.

13. In relevant part, the *Hence* court reduced the proof of the claim to the extent it included the 18% interest on arrearages, pursuant to its power under § 502(j) of the Bankruptcy Code, which provides an allowed or disallowed claim may be reconsidered for cause. *See id.* at *3-4. This Court should not re-cast its power to reconsider proofs of claim under § 502(j) as a basis to sanction Countrywide.

---

[3] Continuing to advocate a position that becomes untenable, for example, would be where the plaintiff filed dozens of parallel actions, in various venues, against the same party even after five such actions had been dismissed. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh v. Wilkins*, 2006 WL 1000120 (S.D. Ohio April 13, 2006).

**COUNTRYWIDE HOME LOANS, INC.'S RESPONSE TO
THE ORDER TO SHOW CAUSE - PAGE 6 OF 15**

**B. Countrywide should not be sanctioned under 11 U.S.C. § 105(a) because there is no Bankruptcy Code or Bankruptcy Rule provision requiring amendments to proofs of claim and because Countrywide did not commit an abuse of process.**

14. While the Court's Show Cause Order states the focus of this inquiry is Rule 9011 (Doc. 81), the Court's Opinion reflects the Court may look to section 105 of the Bankruptcy Code. (Doc. 81 at 8-9). The Court goes on to state "I believe § 105(a) provides the judicial authority to compel a claimant to timely amend a claim that ought, in good conscience, be reduced due to circumstances such as the refund at hand." (Doc. 81 at 9) (footnote omitted). Because Countrywide amended its proof of claim on June 5, 2008, to remove any claim for a sheriff's deposit (Claim 8-2), the Court may be referring to section 105(a) as a sanctioning authority and not merely as a statutory basis to compel an amendment.

15. Section 105(a) of the Bankruptcy Code provides the Court with three powers. The first sentence of section 105(a) allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). The second sentence of section 105(a) allows the Court to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules". Finally, the second sentence of section 105(a) also allows the Court to "tak[e] any action or mak[e] any determination necessary or appropriate . . . to prevent an abuse of process." Countrywide respectfully submits none of these provisions provides a basis for sanctions in this case.

**1. Sanctions against Countrywide would not "carry out the provisions" of title 11.**

16. No Bankruptcy Code provision requires a secured creditor to even file proofs of claim. *See* 11 U.S.C. § 501(a) (stating that "a creditor . . . **may** file a proof of claim) (emphasis added). Once a creditor elects to file a proof of claim, that claim is "deemed allowed" unless challenged. 11 U.S.C. §§ 502(a); *see* 11 U.S.C. § 506(b). Moreover, regardless of whether a

**COUNTRYWIDE HOME LOANS, INC.'S RESPONSE TO
THE ORDER TO SHOW CAUSE - PAGE 7 OF 15**

secured creditor elects to file a proof of claim, the Chapter 13 plan cannot modify the secured creditor's interest. 11 U.S.C. §§ 1322(b)(2), (5), 1328(a)(1); *see Nobleman v. Am. Sav. Bank*, 508 U.S. 324, 329 (1993). There is no provision of title 11 requiring secured creditors to file proofs of claim, and there is no provision of title 11 requiring amendments of proofs of claim once filed.

17. Accordingly, as there is no provision of the Bankruptcy Code to be "carried out", the first sentence of section 105(a) does not authorize sanctions against Countrywide. *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988) (noting "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code"); *In re Hipp, Inc.*, 895 F.2d 1503, 1515 (5th Cir. 1990); *In re Bugarenko*, 373 B.R. 394, 398 (Bankr. E.D. Pa. 2007); *In re Patrick*, 344 B.R. 56, 58-59 (Bankr. M.D. Pa. 2005). Section 105(a) cannot be used to create "'substantive rights that would otherwise be unavailable under the Code.'" *I.R.S. v. Kaplan (In re Kaplan)*, 104 F.3d 589, 597 (3d Cir. 1997) (internal citation omitted); *see In re Joubert*, 411 F.3d 452, 455 (3d Cir. 2005) (finding that section 105(a) cannot be used to imply a private remedy for a debtor harmed as a result of the mortgagee's improperly charging fees under section 506(b)); *In re Morristown & Erie R. Co.*, 885 F.2d 98, 100 (3d. Cir. 1989).[4] Logically, if section 105 does not create substantive rights, it neither can impose substantive duties – such as an obligation to "timely amend" a proof of claim in the absence of a statute or rule.

18. Indeed, proofs of claims are "liberally allowed." *In re Metro Transportation Co.*, 117 B.R. 143, 147 (Bankr. E.D. Pa. 1990); *United States v. Owens*, 84 B.R. 361, 363 (E.D. Pa. 1988); *accord In re Commonwealth*, 617 F.2d 415, 420-21 (5th Cir. 1980) ("freely allowed"); *In*

---

[4] In fact, courts have specifically held "that section 105 does not provide a private right of action for damages for filing a false proof of claim." *See In re Rogers*, 391 B.R. 317, 323 (Bankr. M.D. La. 2008) (citing district court cases for same).

**COUNTRYWIDE HOME LOANS, INC.'S RESPONSE TO**
**THE ORDER TO SHOW CAUSE - PAGE 8 OF 15**

*re Spurling*, 391 B.R. 783, 786 (Bankr. E.D. Tenn. 2008) (relying on Fed. R. Civ. P. 15(c) for guidance). The Honorable Bruce Fox in the Eastern District of Pennsylvania has addressed this liberal approach toward amended proofs of claim on the policy rationale that (1) bankruptcy courts are courts of equity; (2) amendments to proofs of claim are like amendments to a pleading; and (3) amended proofs of claim relate to the initial filing if timely. *See In re Metro Transp.*, 117 B.R. at 147 (quoting and summarizing Judge Fox's opinion in *In re Hanscom Retail Foods, Inc.*, 96 B.R. 33, 35 (Bankr. E.D. Pa. 1988) (quoting *In re Ungar*, 70 B.R. 519, 521 (Bankr. E.D. Pa. 1987)) (other citations omitted). A liberal policy toward amended proofs of claims is bolstered by the fact that neither the Bankruptcy Code nor applicable federal rules prescribe a deadline for filing amendments to proofs of claim.[5]

19. Countrywide had a statutory right, but no obligation, to file its original proof of claim in this proceeding. Following that initial filing, Countrywide maintained the right to voluntarily and freely amend its proof of claim—something it did in this proceeding twice.[6] Despite these rights, there is no obligation to amend and no timing requirement for amending proofs of claim. Therefore, Countrywide respectfully submits sanctions are not authorized under the first sentence of section 105(a).

**2. Sanctions against Countrywide would not be appropriate to "enforce or implement court orders or rules."**

20. The second sentence of section 105(a) allows the Court to take actions or make determinations to "enforce or implement court orders or rules." 11 U.S.C. § 105(a). The

---

[5] Countrywide also would point out that the *Spurling* court refused the Chapter 7 trustee's request for a judicial rule that sets a deadline for filing amended proofs of claim. *In re Spurling*, 391 B.R. at 789-91.

[6] As often-quoted by the federal circuit courts of appeal, the purpose of amendments to proofs of claim are "to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *Biscayne 21 Condominiums Assoc., Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814, 819 (11th Cir. 1985) (citing Fifth and Eleventh Circuit Court opinions); *see In re Metro Transp.*, 117 B.R. at 147 (quoting same) (citing Sixth and Second Circuit Court opinions).

**COUNTRYWIDE HOME LOANS, INC.'S RESPONSE TO
THE ORDER TO SHOW CAUSE - PAGE 9 OF 15**

Bankruptcy Rules reiterate the permissive nature of proofs of claim filed by secured creditors. FED. R. BANKR. P. 3002(a) (requiring only "an unsecured creditor or an equity security holder" to file proofs of claim). No Bankruptcy Rule requires amendments to proofs of claim or establishes any sort of timing requirement for amendments.

21. Nor do the Local Rules of the Bankruptcy Court for the Middle District of Pennsylvania create any amendment or timing requirement. Local Rule 3001-1 describes the contents necessary for secured claims but does not address any requirement for amendment. In fact, while Local Rule 3007-1 mentions amendments to proofs of claim, the rule merely suggests a party may respond to a claims objection with an amended proof of claim. It does not, however, create an amendment requirement or any timing requirements.

22. Moreover, the Court has not entered an order requiring amendments or timing requirements for amendments to proofs of claim, even if such an order would be permitted given the requirements for creating local rules established by Bankruptcy Rule 9029. *See also In re Spurling*, 391 B.R. at 790 ("If some other deadline for amendments to proofs of claim is desired, it is up to Congress or the Supreme Court, not this court, to promulgate such a statute or rule."). Thus, in keeping that section 105(a) may not be used to establish new substantive rights, sanctions cannot issue under the second sentence of section 105(a), which references the power to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules". *See* 11 U.S.C. § 105(a); *Joubert*, 411 F.3d at 455.

**3. Sanctions against Countrywide would not be appropriate to "prevent an abuse of process."**

23. Finally, Countrywide should not be sanctioned under the Court's section 105(a) power to "prevent an abuse of process" because that high standard of culpability simply does not fit the facts of this case.

24. While the Bankruptcy Code fails to define "abuse of process", the courts which have addressed the issue have found it to be a high standard. The Fifth Circuit has suggested an "abuse of process" under section 105(a) is tantamount to fraud. *In re Sadkin*, 36 F.3d 473, 478 (5th Cir. 1994). The Bankruptcy Court for the Southern District of Ohio has defined "abuse of process" for purposes of section 105(a) as "maneuvers or schemes which would have the effect of undermining the integrity of the bankruptcy system." *In re Eagle-Picher Indus., Inc.*, 169 B.R. 135, 138 n.1 (Bankr. S.D. Ohio 1994) (*citing In re Calder*, 93 B.R. 739, 740 (Bankr. D. Utah 1988)). In general, the "abuse of process" language in section 105(a) has been applied when parties have willfully misled the court, filed frivolous pleadings for the purpose of causing delays, or failed to comply with court orders. *See In re Globo Comunicacoes E Participacoes, S.A.*, 317 B.R. 235, 247 (S.D.N.Y. 2004) (collecting cases).

25. Countrywide's conduct does not constitute "abuse of process" under these authorities. Countrywide's Amended Proof of Claim was accurate when filed, and, when the Debtor challenged its Amended Proof of Claim by moving for Rule 9011 sanctions, Countrywide promptly amended its claim yet again to avoid further dispute. These efforts resulted in prompt plan confirmation and should have resulted in quick resolution of the Debtor's Motion for Sanctions. The only evidence even remotely relevant to the Court's consideration of section 105(a) sanctions – the stipulation regarding Countrywide's procedures – is factually inaccurate and was unauthorized. (*See* Doc. 103). With this in mind, sanctions under the third prong of section 105(a) are not appropriate.

**C.  Countrywide's conduct and policies as applied in this case do not support the imposition of sanctions.**

26. Notwithstanding the Court's concern that Countrywide ignored a responsibility to timely amend its proof of claim intentionally due to the alleged absence of procedures

"reasonably adapted to ensure that an amended proof of claim is thereafter filed to reflect a [sheriff's] refund," Countrywide submits the evidence will show its practices and procedures are so adapted. (Doc. 74 at ¶ 27). And, in any event, when applied to this case, no sanctionable conduct has occurred.

27. It is stipulated that Countrywide filed an amended proof of claim deleting the sheriff's deposit in its entirety. (Doc. 74 at ¶ 25). It is further stipulated the refund, when received, was applied to the debtor's loan. (Doc. 74 at ¶ 21). Countrywide believes the evidence will show the Chapter 13 Trustee has distributed funds <u>only</u> on claim 8-2 in the amount of $4,294.53 and has paid that claim. Countrywide has received—and will receive—no money in excess of that amount. Even if "advocacy" of a proof of claim can occur through the passive acceptance of distributions, there has been no "advocacy" of an incorrect proof of claim in this case.

28. Further, Countrywide will submit evidence it reasonably relies on its bankruptcy and foreclosure counsel for direction with how to handle such issues. It also believes the evidence will show its bankruptcy and foreclosure counsel had procedures in place before the hearing on the Motions for Sanctions, designed to help ensure any sheriff's deposit refunds were followed by arrearage claim amendments where appropriate.

29. Countrywide further submits that should the Court believe a specific written policy is required, intent to disregard any duty should not be inferred from the <u>absence</u> of such a writing. *Klein v. Stahl GMBH &. Co. Maschinefabrik*, 185 F.3d 98, 111 n. 13 (3d Cir. 1999) (stating a court "must 'discern' [bad faith] intent, not 'infer' it"); *see Ryan Operations, G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 364-365 (3d Cir. 1996) (refusing to infer intent to

mislead or deceive for purposes of judicial estoppel from nondisclosure to a bankruptcy court of claims held by a Chapter 11 debtor).

## IV. CONCLUSION

The Court should not sanction Countrywide. Countrywide's conduct was permissible under the Bankruptcy Code and Rules and caused no harm to—but rather benefitted—the Debtor. When the Debtor challenged Countrywide's proofs of claim, Countrywide promptly responded with an appropriate amendment. Countrywide has received as distributions only the amount claimed in its second amended proof of claim. These actions are permissible and any sanction pursuant to Rule 9011 or section 105(a) would be inappropriate.

Although subdivision (b) of both Rule 9011 and Rule 11 prohibit a party from "later advocating" a claim set forth in filed, written paper once it has been disproved, passively accepting distributions of plan payments does not constitute "advocating" a proof of claim. And neither Rule 9011 nor Rule 11 imposes a duty to amend a pleading, motion or other paper, asserting claims that were warranted and nonfrivolous at the time of filing. Indeed, no provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure imposes any affirmative duty requiring amendment to a secured creditor's proofs of claim.

Finally, Countrywide has procedures and practices in place to deal with refunds of sheriff's deposits. And, assuming a standard of timely amendment is imposed, intent to disregard this standard should not be inferred from the absence of a specific writing.

Based upon the foregoing, Countrywide requests that the Court decline to enter sanctions against Countrywide under the Show Cause Order, and grant Countrywide such other and further relief as may be just and proper.

Dated: February 23, 2010.                    Respectfully submitted,

          /s/Dorothy A. Davis
          Dorothy A. Davis
          Pa. I.D. No. 34958
          ECKERT SEAMANS CHERIN MELLOTT, LLC
          600 Grant Street, 44th Floor
          Pittsburgh, PA 15219
          (412) 566-5953
          (412) 566-6099 Facsimile

          and

          Dino A. Ross
          Eckert Seamans Cherin & Mellott, LLC
          213 Market Street, Eighth Floor
          Harrisburg, PA 17101
          (717) 237-7189
          (717) 237-6019 Facsimile

          **ATTORNEYS FOR COUNTRYWIDE HOME LOANS, INC.**

# CERTIFICATE OF SERVICE

This is to certify that I have this day caused to be served a copy of the foregoing RESPONSE TO THE ORDER TO SHOW CAUSE through the Court's ECF filing system and by first class mail, postage prepaid upon the following this 23rd day of February, 2010:

Carlo Sabatini, Esq.  
Sabatini Law Firm, LLC  
216 N. Blakely Street  
Dunmore, PA 18512

Charles J. DeHart, III  
8125 Adams Drive, Suite A  
Hummelstown, PA 17036

United States Trustee  
PO Box 969  
Harrisburg, PA 17108

/s/ Dorothy A. Davis