IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| MARY ALICE MARGARET HANNON, | : | BANKRUPTCY NO.: 5-06-bk-51870 |
| | : | |
| DEBTOR | : | |
| | : | |
| MARY ALICE MARGARET HANNON, | : | {**Nature of Proceeding**: Respondent's |
| | : | Motion to Withdraw Unauthorized |
| MOVANT | : | Stipulation (Doc. #103); Respondent's |
| | : | Motion for Summary Judgment (Doc. #131); |
| vs. | : | Movant's Motion for Summary Judgment |
| | : | (Doc. #134)} |
| COUNTRYWIDE HOME LOANS, INC., | : | |
| | : | |
| RESPONDENT | : | |

# <u>OPINION</u>

The Respondent of this *sua sponte* Rule 9011 Motion is Countrywide Home

Loans, Inc.  The Court, as reported in *In re Hannon*, 421 B.R. 728 (Bankr. M.D. Pa.

2009), had scheduled a hearing to determine whether Rule 9011, authorizing the

Bankruptcy Court to sanction a party, is appropriate to address what the Court perceived

as a failure to comply with a duty to amend a proof of claim.  That *sua sponte* motion, to

a significant degree, was based on a paragraph in a Stipulation which confirmed that the

Respondent maintained no procedure to amend a claim to reflect refunds received after

the claim is filed with the Bankruptcy Court.[1]

---

[1]  "In Chapter 13 cases where a refund of a pre-petition sheriff's deposit is not received until after
the corresponding proof of claim has been filed, the Servicer does not maintain procedures reasonably
adapted to ensure that an amended proof of claim is thereafter filed to reflect the refund."  Factual
Stipulation (Doc. #74, ¶ 27).

[K:\Cathy\Opinions-Orders filed 2010\5-06-bk-51870_Hannon.pdf]

Prior to the hearing on the Rule 9011 violation, Countrywide filed a Motion to withdraw the stipulated paragraph, arguing that its then counsel had no authority to agree to that proposition. Supporting that request was an affidavit from the lawyer who entered into the Stipulation that, indeed, he had not received authorization to make such a statement. Prior to a hearing on the request to withdraw, the parties, in order to curtail what might prove to be an extensive discovery request, agreed to advance the Motion to withdraw by way of cross dispositive motions for summary judgment.

The procedural morass of this litigation comes down to a simple issue, i.e., whether I should allow the offending paragraph of the Stipulation to be withdrawn so as to effectively reopen the hearing on the original sanction Motion filed by the Debtor against Countrywide.

Unquestionably, the stipulated paragraph provided the impetus for the Court's *sua sponte* Motion for Sanctions under Rule 9011. While that may not have been necessarily foreseen by the parties and their counsel, the pivotal import of the failure to maintain a procedure for adequately identifying and disclosing a credit to a proof of claim was instrumental in my *sua sponte* Motion. One purpose of a Rule 9011 motion is to discourage careless pleading. *Franchi v. Stanley's Boat Yard, Inc. (In re Franchi)*, 148 B.R. 155, 157 n4 (Bankr. D.R.I. 1992).

The procedural issue comes down to the circumstances under which a party will be allowed to withdraw a prior stipulation or stipulated fact. Fortunately, this issue has been addressed by our Circuit Court of Appeals in *Waldorf v. Shuta*, 142 F.3d 601, 616 (3d

Cir.1998).  Relying on *Kohn v. American Metal Climax, Inc.*, 458 F.2d 255, 307 (3d Cir.1972), partially overruled on other grounds en banc by *Kershner v. Mazurkiewicz,* 670 F.2d 440, 448 (3d Cir.1982), *Waldorf* indicated that stipulations can be vacated to prevent "manifest injustice."  Four factors are seen as of import in that analysis, as follows:  (1) the effect of the stipulation on the party seeking to withdraw the stipulation, . . . (2) the effect on the other parties to the litigation, . . . (3) the occurrence of intervening events since the parties agreed to the stipulation, . . . and (4) whether evidence contrary to the stipulation is substantial.  (Citations and commentary omitted.)  *Waldorf v. Shuta,* 142 F.3d 601, 616 (C.A.3 (N.J.),1998).

I see the first factor as being paramount here since the impact of conceding that Countrywide had no procedure to amend proofs of claim after credits were received could be rather devastating.  While such a finding is still possible, ostensibly, the stipulated paragraph is purported to be an unauthorized concession by one of Countrywide's lawyers.

Judges are cautioned not to permit the withdrawal of stipulations too casually since such may trivialize their import and reduce the parties' willingness to utilize this important tool.  Nevertheless, that stipulated paragraph provides this Court's primary reason for advancing its *sua sponte* Rule 9011 Motion.  It further was the impetus for a criminal referral to the Office of the United States Attorney as alluded to in this Court's prior Opinion.  *In re Hannon*, 421 B.R. 728, 733 (Bankr. M.D. Pa. 2009).  Little purpose would be served by advancing sanctions against an entity whose faulty conduct was

"constructive" by reason of the *faux pas* of its counsel in going beyond his authority or in failing to consult with a client rather than be based on actual reprehensible conduct.

This factor strongly favors a withdrawal of the stipulated paragraph.

The second factor focuses on the impact that withdrawal would have on other parties. With regard to Debtor's first Motion for Sanctions filed May 1, 2008, (Doc. #41), my Opinion of December 18, 2009 denied that request for reasons unrelated to this stipulated paragraph. *In re Hannon*, *supra* at 732. Regarding Debtor's second Motion for Sanctions under § 105, etc., (Doc.# 58), I held that matter in abeyance pending the resolution of a *sua sponte* Rule 9011 Motion advanced by the Court. The catalyst for that *sua sponte* Motion was the stipulated paragraph now in question. Should that paragraph be allowed to be withdrawn, then effectively, the Court would withdraw its own Motion and litigate the presence or absence of procedures regarding amendment of claims within the confines of the Debtor's second Motion for Sanctions. In summary, the impact of the withdrawal of the Stipulation will burden the Debtor in now having to prove what heretofore had been stipulated. I find this to be fairly burdensome considering the national scope of Respondent's operation.

I have not been made aware of any intervening events that would allow me to address the third factor.

The submission of evidence contrary to the Stipulation is the fourth factor. Here, there are two affidavits on record: the first of Oren Klein saying he misrepresented the position of the client (for reasons unknown) and the second of a Countrywide officer

stating that the stipulated paragraph was simply unauthorized. While this evidence is not clearly contrary to the stipulated paragraph, its withdrawal leaves a void in the case as to whether Countrywide had any policy as to how credits to their proofs of claim would be handled.

All in all, it simply makes no sense for me to sanction Countrywide unless it has advocated a false claim or, indeed, has a policy contrary to bankruptcy law and policy. Considering this record, I certainly have my doubts as to what their policy, if any, was regarding post proof of claim credits.

Accordingly, I will grant Countrywide's Motion for Summary Judgment and thus permit the withdrawal of the heretofore stipulated paragraph. I will withdraw my own *sua sponte* Motion directed to Countrywide to show cause why it should not be sanctioned under Federal Rule of Bankruptcy Procedure 9011. I will also reopen the record of the hearing on Debtor's second Motion for Sanctions filed December 3, 2008, (Doc.#58), and limit evidence to those matters reasonably arising out of the factual averment addressed in ¶ 27 of the Stipulation (Doc. #74).

Aware that the parties have been sparring over the extent of discovery that may be had regarding this controversy, I will hereby set a Scheduling Conference on November

18, 2010 with regard to all pretrial issues that may then be pending. As soon as practicable prior to that Conference, the parties are directed to conduct a discovery conference between themselves in an effort to reduce the issues.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge

(CMS)

Date: October 18, 2010